**UNITED STATES**

v.

**Michael D. OSBORN, 374 72 1711, Private (E-1), U. S. Marine Corps.**

**NMCM 81 3088.**

U. S. Navy-Marine Corps Court of Military Review.

25 March 1982.

LCDR William A. DeCicco, JAGC, USN, Appellate Defense Counsel.

LT Louis F. Sadler, JAGC, USNR, Appellate Defense Counsel.

MAJ Charles Wm. Dorman, USMC, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BOHLEN and BYRNE, JJ.

BOHLEN, Judge:

Appellant was tried by special court-martial, military judge alone, on 21 October 1980 for one specification of conspiracy in violation of Article 81, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 881; one specification of unauthorized absence in violation of Article 86, UCMJ, 10 U.S.C. § 886; one specification of willfully damaging government property in violation of Article 108, UCMJ, 10 U.S.C. § 908; one specification of larceny in violation of Article 121, UCMJ, 10 U.S.C. § 921 and one specification of wrongfully and unlawfully soliciting another to commit an offense in violation of Article 134, UCMJ, 10 U.S.C. § 934.

In accordance with his pretrial agreement, appellant entered pleas of guilty to the specifications alleging violations of Articles 81, 86 and 121, UCMJ, and was so found by the military judge. The convening authority withdrew the allegations in violation of Articles 108 and 134, UCMJ. Appellant was thereupon sentenced to a bad-conduct discharge, confinement at hard labor for 3 months and forfeiture of $333.00 pay per month for 3 months.

On 15 January 1981 the convening authority, basing his decision on the alleged violation of probation (two short unauthorized absences of 8 December 1980—11 December 1980 and 15 December—17 December 1980), declared the sentencing portion of the pretrial agreement to be null and void and approved the sentence as adjudged. The supervisory authority, on 1 June 1981, approved only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for 42 days and forfeiture of $333.00 pay per month for 3 months.

Appellate defense counsel presents two assignments of error for our consideration:

I

THE CONVENING AUTHORITY'S INVOCATION OF THE POST–TRIAL MISCONDUCT CLAUSE IN THE PRETRIAL AGREEMENT TO AVOID THE LIMITATION ON SENTENCE WAS, IN LIGHT OF THE MANDATE OF *UNITED STATES V. DAWSON*, 10 M.J. 142 (C.M.A.1981), VIOLATIVE OF DUE PROCESS AND PREJUDICIAL TO THE SUBSTANTIAL RIGHTS OF THE APPELLANT.

II

THE STAFF JUDGE ADVOCATE INCORRECTLY ADVISED THE SUPERVISORY AUTHORITY THAT THE CONVENING AUTHORITY'S ACT OF INVOKING THE POST–TRIAL MISCONDUCT CLAUSE WAS PROPER.

Our action with regard to assignment number I renders assignment number II moot.

We find that the convening authority improperly declared the sentencing portion of the pretrial agreement to be null and void and that the misconduct clause is sufficiently similar to that in *United States v. Dawson, supra*, as to be violative of due process and prejudicial to the substantial rights of the appellant.

We believe it appropriate to restate that which Chief Judge Everett stated in his concurring opinion in *Dawson, supra*:

If post-trial misconduct may be utilized under any circumstances to deprive an accused of the benefit of a pretrial agreement ... the minimal requirements for doing so should include (a) a detailed, explicit, and well-drafted provision to this effect in the pretrial agreement; (b) inquiry by the military judge to assure that the accused understood the full import of such terms in the pretrial agreement; (c) a hearing on the alleged post-trial misconduct, which at least embodies all the procedural safeguards of a hearing for vacation of suspension pursuant to Article 72, Uniform Code of Military Justice, 10 USC § 872.

Accordingly, the findings of guilty and only so much of the sentence as provides for a suspended bad-conduct discharge, confinement at hard labor for 42 days and forfei-

tures of $333.00 pay per month for 3 months is approved.

Senior Judge GLADIS and Judge BYRNE concur.